**PIASA FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION, a United States Corporation, Plaintiff-Appellant,**

v.

**The UNITED STATES of America, Defendant-Appellee.**

**No. 18355.**

United States Court of Appeals, Seventh Circuit.

April 13, 1971.

Rehearing Denied May 5, 1971.

**400**

Robert E. Ryan, Ryan & Mondhink, Alton, Ill., for plaintiff-appellant.

Frank J. Violanti, U. S. Atty., Springfield, Ill., Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, William Massar, Issie L. Jenkins, Attys., Dept. of Justice, Washington, D. C., for defendant-appellee.

Before DUFFY, Senior Circuit Judge, FAIRCHILD, Circuit Judge, and CAMPBELL, Senior District Judge.[1]

DUFFY, Senior Circuit Judge.

This suit was brought by the Piasa First Federal Savings and Loan Association (Piasa) for the recovery of $6,256.-82 plus interest, for the calendar year 1963. The case was submitted to the District Court on a stipulation of facts and briefs.

The issue before us is whether the corporate tax payer (Piasa) is entitled to deduct interest income received in 1963 on debentures of the Federal Housing Administration, which were not issued prior to March 28, 1942, or pursuant to a contract entered into prior to March 1, 1941.

Piasa is a corporation organized under the laws of the United States with its principal place of business in Alton, Illinois. During 1963, Piasa received interest income on debentures issued by the Federal Housing Administration (FHA), and included such interest income in its income tax return for the calendar year of 1963. Piasa, at that time, made no claim of deduction by reason of the interest received from the FHA debentures.

About July 20, 1965, Piasa filed with the Director of Internal Revenue a claim for refund of income tax paid for 1963 on its interest income from the FHA debentures. The instant proceedings were instituted by Piasa more than six months after the claim for refund was filed.

Piasa contended below that its 1963 income tax return was correct as filed except that it was entitled to a deduction in the amount of interest it received from FHA debentures which it had neglected to take. It was and is Piasa's claim that the United States Government should refund to it the amount of $6,256.82 plus interest.

It is the claim of the United States Government that the 1963 return was correct as filed, and that Piasa was not entitled to deduct for interest received on the FHA debentures.

The District Court entered judgment for the Government and Piasa brought this appeal.

The debentures here involved were all issued under the authorization of various sections of the National Housing Act which, as originally enacted, provided for the taxation of FHA debentures to the same extent that the mortgages for which they were exchanged would have been taxable in the hands of debenture holders.

However, on February 3, 1938, the National Housing Act was amended to exempt debentures issued thereunder from normal federal income tax.

On February 19, 1941, Congress enacted Public Debt Act of 1941 which became effective on March 1, 1941. As amended that Act (31 U.S.C. § 742) provides that income from an obligation by the United States was not exempt from normal income tax unless the obligation was 1) issued before March 28, 1942, or 2) issued by the FHA or United States

---

1. Judge Campbell, Senior District Judge, sitting by designation.

Maritime Commission pursuant to a contract for its issuance made prior to March 1, 1941. It is agreed that the debentures involved in the present case do not come within either of the above mentioned exceptions.

However, Piasa strongly urges that the Public Debt Act of 1941 does not, for the purposes of Section 242 of the Internal Revenue Code, supersede the exemptive provision incorporated in the National Housing Act of 1938. We disagree with Piasa's position in this respect.

Section 242 of the Code permitted a corporation to deduct amounts received as interest on an obligation of the United States or its corporate instrumentalities if such interest is 1) included in gross income, and 2) exempt from normal federal income tax under the Act authorizing the issuance of the obligation.

The exemption from federal taxation theretofore enjoyed by certain federal obligations was, with limited exceptions hereinbefore mentioned, terminated as of March 1, 1941 by the enactment of the Public Debt Act dated February 19, 1941.

In our view, there can be no doubt that Congress intended to and did expressly repeal the exemptive provisions of the National Housing Act through the Public Debt Act of 1941.

The Congress, in Section 4(b) of the Public Debt Act of 1941 expressly provided: "The provisions of this section shall, with respect to such obligations, be considered as amendatory of and supplementary to the respective Acts or parts of Acts authorizing the issuance of such obligations, as amended and supplemented."

Congress did not spell out each individual act which was intended to be reached by the Public Debt Act. Yet any doubt as to whether the Act was intended to supersede the previous exemption provision is immediately dispelled by examining the pertinent legislative history.

H.Rep.No. 20, 77th Cong., 1st Sess. reads: "The phrase 'the United States or any agency or instrumentality thereof' is used in the broadest possible sense, so as effectively to eliminate for the future * * * whatever exemptions from Federal taxation may have been accorded to any obligations by any act of Congress."

In our view, it is clearly apparent that the exemption from federal taxation theretofore enjoyed by federal obligations was, with limited exception, terminated as of March 1, 1941, by the enactment on February 19, 1941 of the Public Debt Act. Therefore, under Section 242 of the Code, Piasa may not deduct the income which it received from the debentures. We therefore conclude that the District Court was correct in entering judgment for the United States of America.

The judgment of the District Court is Affirmed.